In the Matter of the Compensation of
Dennis Kemple, Claimant.

KEMPLE,
*Petitioner,*

*v.*

MYERS DRUM CO.,
*Respondent.*

(WCB No. 78-07534, CA A22253)

646 P2d 34

Noreen K. Saltveit, Portland, argued the cause for petitioner. With her on the brief was Merten & Saltveit, P. C., Portland.

Emil R. Berg, Portland, argued the cause for respondent. With him on the brief was Wolf, Grifith, Bittner, Abbott & Roberts, Portland.

Before Gillette, Presiding Judge, and Joseph, Chief Judge,* and Young, Judge.

PER CURIAM

---

*Joseph, C. J., *vice* Roberts, J.

## PER CURIAM

The issue in this workers' compensation case is whether a meniscectomy (knee surgery) and its sequela, including intercranial hemorrhaging, were causally related to claimant's preexisting compensable knee injury. The question presented is solely factual. We have concluded, on the basis of our *de novo* review, that claimant has shown by a preponderance of the evidence that the original compensable injury was a material contributing cause of the second knee surgery, and that, the surgery was not the result of an independent, intervening accident. We are further persuaded that the evidence established that the intercranial hemorrhaging was a consequence of the second surgery and is compensable. There is nothing to be gained by a lengthy recitation of the facts. Accordingly, for the reasons stated in *Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978), we will not publish an extended opinion.

The Workers' Compensation Board's order on review affirming the referee, and the carrier's denial of January 30, 1979, is reversed and the claim is remanded for acceptance.